IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TONI BLEES                                                               PLAINTIFF

vs.                          No. 6:20-cv-6072-RTD

GENTIVA CERTIFIED HEALTHCARE CORP.
and KAH DEVELOPMENT 4, LLC                                  DEFENDANTS

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
COMPLAINT AND COMPEL ARBITRATION**

Pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, Gentiva Certified Healthcare Corp. ("Gentiva") and KAH Development 4, LLC ("KAH") (collectively, "Defendants") respectfully move the Court to dismiss this action pursuant to the Dispute Resolution Agreement (the "Arbitration Agreement") Plaintiff Toni Blees ("Plaintiff") executed during her employment with Gentiva. Plaintiff has agreed to arbitrate her claims asserted in the Complaint. Accordingly, the Court should dismiss this action in its entirety and compel arbitration of the claims.

**FACTUAL BACKGROUND**

On May 26, 2016, Plaintiff executed the Arbitration Agreement. (Declaration of Jeremy Ballard ("Ballard Decl."), ¶ 4, attached as Exhibit 1). The Arbitration Agreement, which was between Plaintiff and Kindred Healthcare Operating, Inc., "applies to any dispute arising out of or related to Employee's application, employment or termination of employment with Kindred Healthcare Operating, Inc., or one of its affiliates, successor, subsidiaries or parent companies." (Ballard Decl., ¶ 4, Ex. A – Dispute Resolution Agreement, § 1). On the date that Plaintiff signed the Arbitration Agreement, Gentiva and KAH were both subsidiaries and affiliates of Kindred

1

Healthcare Operating, Inc. (Ballard Decl., ¶¶ 5-6).

The Arbitration Agreement, which provides that it is governed by the Federal Arbitration Act ("FAA"), broadly requires Plaintiff and Defendants to resolve any disputes among themselves in binding arbitration proceedings, providing in pertinent part as follows:

> The Company and Employee mutually agree to arbitrate all claims or controversies, past, present or future, including without limitation, *claims arising out of or related to Employee's* application for employment, *employment*, and/or the termination of employment that the Company may have against Employee or *that Employee may have against any of the following: (1) the Company, or any of its parents, subsidiaries, partners, divisions, d/b/a's and affiliated entities*, (2) its officers, directors, employees or agents in their capacity as such or otherwise, (3) the benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates or agents, and/or (4) all successors and assigns of any of them, each and all of which may enforce this Agreement as direct or third-party beneficiaries.
>
> Except as this Agreement otherwise states, *this Agreement also applies to any claims based upon or related to . . . overtime, wages or other compensation . . . . The Agreement specifically covers*, without limitation, all claims arising under . . . *the Fair Labor Standards Act . . . [and] any state or local statutes*, if any, addressing the same or similar subjects . . . .

(Ballard Decl., ¶ 4, Ex. A – Dispute Resolution Agreement, §§ 1, 2 (emphasis added)). Thus, Plaintiff expressly agreed to arbitrate any claim arising out of her employment related to overtime, wages or other compensation under the Fair Labor Standards Act ("FLSA") and any state statute addressing the same subject, such as the Arkansas Minimum Wage Act ("AMWA").

Notwithstanding the above-quoted provisions of the Arbitration Agreement, on July 6, 2020, Plaintiff filed her Complaint naming Gentiva and KAH as Defendants. (*See* D.E. 2, Complaint). Plaintiff's claims arise entirely out of her alleged employment with Gentiva and KAH, as she asserts that Defendants violated the FLSA and the AMWA by failing to pay her sufficient overtime wages. (D.E. 2, Complaint, ¶¶ 1-2, 50, 57). Thus, by initiating the action, Plaintiff violated the Arbitration Agreement.

**ARGUMENT**

**A. The Federal Arbitration Act Requires Enforcement of the Arbitration Agreement.**

The Federal Arbitration Act, 9 U.S.C. § 1, *et. seq.* ("FAA") embodies the "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (*quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)); *see also Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 727 (8th Cir. 2001) ("[T]he strong federal policy in favor of arbitration requires giving full effect to arbitration clauses . . . ."). The FAA was enacted by Congress "to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements on the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24 (1991). "Underlying this policy is Congress' view that arbitration constitutes a more efficient dispute resolution process than litigation." *Adkins v. Labor Ready, Inc.,* 303 F.3d 496, 500 (4th Cir. 2002) (internal citations omitted).

Accordingly, Section 2 of the FAA states, in relevant part, as follows:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable . . . .

9 U.S.C. § 2.

Thus, once a party moves to compel arbitration, the reviewing court must:

> [H]ear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4.

If the parties have agreed to arbitrate their dispute, the FAA leaves no place for the exercise of discretion, but, instead, directs district courts to order the parties to proceed to arbitration on all

3

issues as to which an arbitration agreement was signed. *See* 9 U.S.C. §§ 3, 4; *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).  Indeed, courts must "'rigorously enforce' arbitration agreements according to their terms." *American Express Corp. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309, 186 L. Ed. 2d 417 (2013) (*quoting Dean Witter*, 470 U.S. at 221); *see also AT&T Mobility*, 131 S. Ct. at 1745.  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp.*, *460 U.S.* at 24-25.  In fact, a court should not deny a request to arbitrate an issue "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960).

      **B.**      **Plaintiff Agreed in Writing to Arbitrate All Disputes Between the Parties, Which Barred the Filing of the Complaint.**

In determining the enforceability of arbitration agreements, courts engage in a limited review to determine whether the dispute is arbitrable. *Gannon v. Circuit City Stores, Inc.*, 262 F.3d 677, 680 (8th Cir. 2001). This review requires a court to determine (1) "whether the parties have entered a valid agreement to arbitrate," and, if so, (2) "whether the existing dispute falls within the coverage of the agreement." *Id.* (citing *Larry's United Super, Inc., v. Werries*, 253 F.3d 1083, 1085 (8th Cir. 2001); *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 504 (8th Cir. 1999)).  Once the court "conclude[s] the parties have reached such an agreement, the FAA compels judicial enforcement of the arbitration agreement." *Id.*  Both conditions are met in this case.

First, Plaintiff agreed to arbitrate the claims of her Complaint.  As noted above, she signed an agreement containing an express arbitration clause that requires the parties to submit to binding arbitration "all claims or controversies, past, present or future, including without limitation, claims arising out of or related to Employee's application for employment, employment, and/or the termination of employment."  (Jones Decl., ¶ 4, Ex. A – Agreement to Arbitrate, § 2).  Per the

agreement, this included "any claims based upon or related to . . . overtime, wages or other compensation . . . . arising under . . . the Fair Labor Standards Act . . . [and] any state or local statutes." (*Id.*) There is no evidence that Plaintiff's agreement to arbitrate these claims is invalid.

Second, Plaintiff's claim for unpaid overtime and other damages under the FLSA and the AMWA clearly falls within the scope of the Arbitration Agreement. The Arbitration Agreement contains a broad arbitration provision requiring that any disputes between the parties arising out of Plaintiff's employment, including issues involving wage and overtime claims under the FLSA and the AMWA, be resolved through binding arbitration. *See Daisy Mfg. Co. v. NCR Corp.*, 29 F.3d 389, 393 (8th Cir. 1994) (describing an arbitration clause that covered "any controversy or claim" related to the contract as "broad"). Arbitration agreements containing such broad language apply to all claims in which the "underlying factual allegations 'simply touch matters covered by' the arbitration provision." *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1199 (8th Cir. 2008) (*citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 n.13, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985)). Plaintiff's FLSA and AMWA claims do far more than "simply touch matters covered by" the Arbitration Agreement – they are specifically identified in the agreement. Thus, the allegations of the Complaint fall within the scope of the Arbitration Agreement.

Therefore, both conditions of the requisite test are satisfied: a valid, enforceable agreement is in place, and Plaintiff's claims are within the agreement's scope. Thus, the Court should dismiss Plaintiff's claims and compel arbitration.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court enforce the terms of the Arbitration Agreement under the FAA and enter an order dismissing Plaintiff's Complaint with prejudice.

Date: August 5, 2020

Respectfully submitted,

s/ Jay A. Ebelhar
Jay A. Ebelhar (AR Bar No. 2013019)
JACKSON LEWIS P.C.
999 Shady Grove Road, Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
Email: jay.ebelhar@jacksonlewis.com

*ATTORNEY FOR DEFENDANTS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of August, 2020, I filed the foregoing with the Clerk of Court using the Court's CM/ECF electronic filing system which will automatically send e-mail notification of such filing to the below-listed counsel of record:

Josh Sanford
Thomas Odom
Sanford Law Firm, PLLC
One Financial Center
650 Shackleford, Suite 411
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com
thomas@snafordlawfirm.com

*ATTORNEYS FOR PLAINTIFF*

s/ Jay A. Ebelhar
Jay A. Ebelhar

4822-7515-3094, v. 1